CLYDE M. BLACKMON (SBN 36280)
ROTHSCHILD WISHEK & SANDS LLP
765 University Avenue
Sacramento, CA  95825
Telephone: (916) 444-9845
E-Mail: cblackmon@rwslaw.com

Attorneys for Defendant
Navjot Singh

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 2:10-CR-00347 MCE |
|---|---|
| Plaintiff, | **SENTENCING MEMORANDUM AND ORDER** |
| vs. | |
| NAVJOT SINGH, | |
| Defendant. | |

    Navjot Singh is not a citizen of the United States.  He is a native of Punjab State in India, and came to this country some thirty years ago with his parents when he was only three years old.

    On August, 2010, he was indicted for conspiracy to distribute a controlled substance.  Counsel was appointed for him.  Eventually he pleaded guilty to the charge.  Because conspiracy to distribute a controlled substance is an aggravated felony under immigration law, Mr. Singh faced mandatory deportation to India.  On November 7, 2018, Mr. Singh filed a Petition for a Writ of Error Coram Nobis asking the Court to permit him to withdraw his plea and set aside his conviction.

1  He alleged that he had received constitutionally inadequate
2  representation by his appointed counsel in that counsel had
3  advised Singh that if he received a sentence of not more than
4  one year he would not be deported.  On July 9, 2015, following a
5  representation by counsel that a sentence not exceeding one year
6  would be beneficial to Singh with immigration authorities, the
7  Court sentenced Singh to probation and as a condition of
8  probation required him to serve one year of home detention.
9  Singh finished his probation and one year of home detention in
10 July of 2016.  The Court granted Mr. Singh's coram nobis
11 petition on June 6, 2019.
12      Following discussions with the government, it was decided
13 that Singh would plead guilty to misprision of a felony, a
14 violation of 18 U.S.C. § 4.  The defense consulted with Norton
15 Tooby, an Oakland attorney specializing in immigration law, to
16 determine the immigration consequences of a misprision of a
17 felony conviction for Mr. Singh.  Under immigration law a
18 misprision conviction would not make Mr. Singh deportable.
19 However, while such a conviction would not make him deportable,
20 it would make Singh inadmissible to this country should he leave
21 the United States and later try to reenter.
22      Therefore, pursuant to a plea agreement with the
23 government, Mr. Singh will plead guilty to a violation of 18
24 U.S.C. § 4 when he appears before the Court on August 20, 2019.
25 Under the Plea Agreement, both the government and the defense
26 will recommend that Singh be sentenced to time served.
27      Even though the Court's granting of Mr. Singh's coram nobis
28 petition had the effect of permitting Singh to withdraw his plea

1 of guilty and setting aside his conviction because that was what
2 he asked for in his petition, a formal order was never entered
3 on the record.  The Court's minutes for June 6, 2019, merely
4 state that the Court granted Singh's petition.  Counsel for Mr.
5 Singh believes it is important for immigration purposes that the
6 record clearly reflects that Singh's plea was withdrawn, the
7 conviction was set aside and the grounds for the Court's action.
8 Therefore, counsel offers the attached proposed order for the
9 Court's consideration.

10 DATED:    August 13, 2020       Rothschild Wishek & Sands, LLP

11                                 By:  //s// Clyde M. Blackmon
                                        CLYDE M. BLACKMON
12                                      Attorneys for Navjot Singh

**ORDER**

The Court having granted defendant Navjot Singh's Petition for Writ of Error Coram Nobis on June 6, 2019, on the ground that he received constitutionally inadequate representation by his appointed counsel in that counsel misadvised him as to the immigration consequences of pleading guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1), it is hereby ORDERED:

1. Navjot Singh's plea of guilty to the charge of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) is withdrawn as of June 6, 2019; and

2. Navjot Singh's conviction of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) suffered in this Court on July 9, 2015, is set aside as of June 6, 2019.

IT IS SO ORDERED.

Dated:  August 17, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE